**J. P. MORGAN & CO. v. MISSOURI PAC. R. CO. et al. (two cases).\***

**Nos. 10568, 10607.**

Circuit Court of Appeals, Eighth Circuit.

Aug. 7, 1936.

Allen C. Orrick, of St. Louis, Mo. (Daniel N. Kirby and Nagel, Kirby, Orrick & Shepley, all of St. Louis, Mo., on the brief), for appellant.

Cassius M. Clay, of Washington, D. C. (James B. Alley and Florence A. de Haas, both of Washington, D. C., and Green, Henry & Remmers, of St. Louis, Mo., on the brief), for appellees.

Hugo Monnig, Jr., of St. Louis, Mo. (Cadwalader, Wickersham & Taft, of New York City, Taylor, Chasnoff & Willson, of St. Louis, Mo., W. Lloyd Kitchel, of New York City, Jacob Chasnoff, of St. Louis, Mo., and Eugene J. Conroy, of New York City, on a statement filed by Protective Committee), for Protective Committee.

D. Willard, Jr., General Counsel for the Railroad Credit Corporation, of Washington, D. C., amicus curiæ.

Before WOODROUGH and THOMAS, Circuit Judges, and DEWEY, District Judge.

WOODROUGH, Circuit Judge.

These appeals have been taken by J. P. Morgan & Co., to reverse an order in bankruptcy making classification of certain claims in the matter of Missouri Pacific Railroad Company, debtor, in proceedings under section 77 as amended, Bankr.Act (11 U.S.C.A. § 205) for the reorganization of railroads. The appellant, J. P. Morgan & Co., holds short-time promissory notes of the debtor in the aggregate amount of $5,850,000, secured by $7,750,000 Missouri Pacific Railroad Company first and refunding 5 per cent gold bonds, series I, and 114,750 shares of Texas & Pacific Railway Company common stock. The Reconstruction Finance Corporation holds similar short-time promissory notes of the debtor aggregating $22,134,800, secured by $32,250,000 Missouri Pacific Railroad Company first and refunding 5 per cent gold bonds, series I, and 114,750 shares of Texas & Pacific Railway Company common stock and other collaterals. The Railroad Credit Corporation holds $3,775,000 similar short-time promissory notes of the debtor secured by

*Writ of certiorari denied 57 S. Ct. 230, 81 L. Ed. —.

shares of stock·in sundry corporations and notes and bonds other than Missouri Pacific notes and bonds and other collaterals.

The applicable provision of section 77, as amended August 27, 1935, reads: "The judge shall promptly determine * * *. for the purposes of the plan and its acceptance, after notice and hearing, the division of creditors and stockholders into classes according to the nature of their respective claims and· interests. Such division ·shall not provide for separate classification unless there be substantial differences in priorities, claims, or interests." 11 U.S.C.A. § 205 (c) (7).

The order which was made pursuant to the statute, and which is complained of herein, was made after hearing, and by its terms the three creditors above referred to were classified in one class. The concluding paragraph of the order reads: "The court reserves jurisdiction, for good cause shown, to hereafter alter the aforesaid classification, and to otherwise modify this· order in such manner as to the court may seem proper."

The appellant has assailed the classification on several grounds, and has dwelt particularly on numerous facts which it contends create differences between itself and its claims against the railroad and the other two creditors which have been put in the same class with it and their claims. It contends that it should have been put in a separate class by itself.

Although the order of classification complained of was made after hearing, it was necessarily tentative and provisional, and the District Court rightly reserved jurisdiction to modify it in later stages of the reorganization proceedings. This court should not, on these appeals, attempt to forestall or control the action the District Court may finally conclude to take when a plan shall have been proposed and ordered submitted for the vote of the different classes of creditors.

The only question which should be considered or determined by this court on these appeals is the question of the interpretation of the statute contended for by the appellant. It has argued that the statute means that classification ought to be made according to the "interests" of the claimant rather than according to the nature of the claims.

The District Court was of opinion that "the word 'interests' in the quoted statute would' seem to have immediate reference to stockholders and not to creditors. A stockholder has an interest in a corporation, even though entitled to no specific part of it, but can hardly be said to have a claim against it; while a creditor has a claim against the corporation but can hardly be said to have an interest in it."

We agree with this statement of the District Court, and it follows that the classification should in nowise depend upon the nature of the claimant or his interest in the sense of his bias or leanings, but only upon the nature of the claim.

The order should be affirmed, with special reference to the part of the order which reserves jurisdiction. Such reservation of jurisdiction should remain intact except as to the interpretation which has been made of the statute.

Affirmed.